MoKiNNEY, J.,
delivered the opinion of the Court.
This bill is styled a bill of review, but it possesses none of the essential, and distinguishing properties of such a bill, either in form or substance; and, therefore, it ought, upon this ground alone, to have been dismissed from the files, without a hearing on the supposed merits.
The bill, in form, is an original bill to reverse a former decree on the grounds, first, that the decree, in the point complained of, was in opposition to the evidence in the cause: and, secondly, that a witness whose deposition was used on the hearing of the original cause, had since become satisfied that the statement made in the said deposition was untrue, and he had since corrected it.
The original bill was filed by Muirhead, and Era-zer, against Richmond and Sypert, (the present parties) to reach a fund in the hands of Sypert, belonging to Richmond, for the satisfaction of a decree in favor of the complainants, against Richmond, for $1050 00.
It was alleged, that Richmond held several notes executed to him by Sypert; and that he had also placed in Sypert’s hands several other notes, and claims, due *102 to bim from others, for collection; and among others, a note for $321 30, executed to Eichmond by one Phillips: and for the collection of which Sypert had given his receipt to Eichmond. An interlocutory decree was made, declaring the rights of complainants to have satisfaction of their debt out of the effects, and money of Eichmond, in the hands ■ of Sypert: and it was referred to the Master to ascertain and report thereon.
On taking the account, Sypert brought Phillips before the Master; and on his examination, he stated in substance, that he had no recollection of ever having executed to Eichmond any such note as that specified in the receipt of Sypert, And upon this statement as it would seem, the Master omitted to charge Sypert with the amount of said note. An exception, on this ground, was taken to the Master’s report, which was disallowed by the Chancellor, and a final decree rendered at the July Term, 1852. That the action of both the Master and Chancellor in not charging Sypert with Phillips’ note, was erroneous, admits of but little doubt. This, however, is a matter of no consequence, in the determintion of the present case.
The present bill was filed in January, 1854. It alleges in substance, that since the above decree was pronounced, Phillips has found a receipt from Eichmond to him, which brought to his recollection the fact of having executed the note in question: and in his deposition, taken -in the present case, Phillips fully admits the fact of his having given the note.
Partly upon this ground, but more particularly on the ground, that the proof before the Court on the hearing of the original cause, “was amply sufficient” to *103 charge Sypert with tbe amount of Phillips’ note, the complainant asks that the decree, in this particular, may be reviewed, and reversed.
The Chancellor dismissed the bill on the ground, it is said, that the statute of limitations barred the complainant’s remedy. This was perhaps a mistaken view of the application of the statute; but whether so or not, it is unimportant to inquire at present, as whatever may have been the view of the Chancellor, the bill was properly dismissed.
It is a familiar and fixed principle of equity jurisprudence, that after a final decree has been made in a cause, a new original bill cannot be brought by the same parties, and for the same matters, unless such decree was obtained by fraud. 3 Danl. Ch. Pr., 1724. As said by Chancellor Kent - 195: “ If a decree could be altered, or varied by an original bill, a cause would never be at rest, and there would be confusion, and inconsistency in the decrees of the Court.” If no step has been taken to reverse an erroneous ' decree by a re-hearing, appeal, or writ of error, the party may resort to a bill of review.
If a bill of review be brought to reverse a decree upon the ground of new matter, or facts newly discovered, leave of the Court must first be. obtained to file such a bill: and this will not be granted except on an affidavit, satisfying the Court that the new matter could not, by reasonable diligence, have been produced, or used by the party, at the time when the decree was made. And the Court must be further satisfied, not only that the matter ,is new, but that it is also relevant and material, either as evidence of matter formerly *104 in issue, or as constituting a new issue;. and is of such a nature, as, if it bad been before tbe Court on. tbe bearing of tbe original case, might probably have led to a different decision. Adams’ Eq., 417. Story’s Eq. PL, sec. 416, 414, 413.
Tbe granting of leave to bring a bill of review for new matter, is not a matter of right, but rests in tbe sound discretion of tbe Court. And it may be refused, even when tbe facts, if -admitted, would -be sufficient to change tbe decree, when tbe Court, looking to all tbe circumstances, should deem it productive of mischief to innocent parties; or, for any other cause, unadvisable. Story’s Eq. PL, § 417. See also on this subject, 10 Yerg., 55; 3 Sneed, 397.
It is clear, that tbe supposed newly discovered evidence of Phillips, constitutes no ground for a bill of review. To say tbe most of it, it is merely cumulative. Tbe point to which it is adduced, was sufficiently proved in tbe former cause, by tbe complainants: and tbe force of tbe proof was not seriously affected by tbe rather negative statement of Phillips, introduced by tbe defendant Sypert: And as tbe latter statement of tbe witness, in contradiction of tbe first, only tends to establish more fully a fact already sufficiently proved, it is obviously immaterial, and cannot, therefore, be made tbe basis of any judicial action. In this view of tbe case tbe decree must be affirmed.
As regards tbe form of a bill of review, it is necessary to state tbe former bill, and tbe proceedings thereon; also, tbe decree, and tbe point in which tbe party exhibiting tbe bill of review conceives himself *105 aggrieved by it; and the ground of law, or the new matter, upon which he seeks to impeach it. Story’s Eq. PL, § 420.
Bill dismissed.